# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| DONALD HILL, individually and on behalf of similarly situated persons | * | CIVIL ACTION NO.  15-1062 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JOHNNY'S PIZZA HOUSE, INC. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to strike class allegations [doc. # 17] filed by defendant Johnny's Pizza House, Inc.  The motion is opposed.  For reasons assigned below, the motion is DENIED.[1]

## Background

On April 6, 2015, Donald Hill filed the instant collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., against his former employer, Johnny's Pizza House, Inc.  ("JPH").  Hill contends that JPH failed to reimburse delivery drivers for the reasonably approximate costs of the business use of their vehicles which caused the drivers' wages to fall below the FLSA minimum wage during some or all workweeks.  Hill seeks to bring this collective action on behalf of himself and similarly situated JPH pizza delivery drivers to

---

[1]  As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

recover the unpaid minimum wages owed by defendant.[2]

On August 27, 2015, JPH filed the instant motion to strike plaintiff's "class" allegations because he failed to move for class certification within 90 days after filing his complaint as required by Local Rule 23.1.  On September 4, 2015, plaintiff  filed his opposition.  JPH filed its reply on September 14.  Thus, the matter is ripe.

<u>Analysis</u>

JPH contends that the court should strike plaintiff's "class" allegations because he failed to comply with Local Rule 23.1's requirement that a class action plaintiff move for certification of the class pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure within 90 days after suit is filed.[3]  Plaintiff stresses, in response, that Local Rule 23.1 is inapplicable because he is not

---

[2]  The instant suit appears to be one of many FLSA actions brought by pizza delivery drivers against their employers.  *See e.g., Stubrud v. Daland Corp.*, Civ. Action No. 14-2252 (D. Kan.).

[3]  Local Rule 23.1 provides that,
In any case sought to be maintained as a **class action**:
A. The complaint shall bear next to its caption the designation, "Complaint- Class Action";
1.    Refer to the portions of FRCvP 23 under which it is claimed that
       the suit is properly maintainable as a class action;
2.    Make allegations thought to justify the maintenance of the claim as
       a class action, including, but not necessarily limited to:
       a.    the size (or approximate size) and definition of the alleged class,
       b.    the basis upon which the plaintiff (or plaintiffs) claims,
              (i)    to be an adequate representativeof the class, or
              (ii)   if the class is comprised ofdefendants, that those named as parties
                     are adequate representatives of the class,
3.    The alleged questions of law or fact claimed to be common to the
       class; and
4.    In actions claimed to be maintainable as class actions under FRCvP
       23(b)(3), allegations thought to support the findings required by
       that subdivision.

seeking class certification under Rule 23; rather, he is seeking to prosecute a collective action under the FLSA.[4]  The court agrees.

The Fifth Circuit has remarked that inasmuch as Rule 23(c) provides for "opt out" class actions, whereas FLSA § 16(b) requires class members to "opt in," the "two types of class actions are *mutually exclusive and irreconcilable.*"  *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir.1975) (emphasis added).  Similarly, "§ 16(b) precludes pure Rule 23 class actions in FLSA suits."  *Id*.  Moreover, Rule 23 is not needed in FLSA suits because the latter, "in effect, constitutes a congressionally developed alternative to the F.R.Civ.P. 23 procedures." *Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) (citations omitted); *see also* C. Wright & A. Miller 7A *Fed. Practice and Procedure* § 1754 (3d ed.) (representative suits under the FLSA preempt Rule 23 *and its requirements*).

In *Baldridge v. SBC Communications, Inc.*, the Fifth Circuit declined to apply Rule 23(f) to support an interlocutory appeal in an FLSA § 216(b) collective action case because, as the court appreciated it, the matter did not present a Rule 23 class action.  *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir.2005).  Finally, district courts in this circuit have declined to apply local rule deadlines for seeking Rule 23 class certification to FLSA actions. *Rousseau v. Frederick's Bistro, LTD*, Civ. Action No. 09-651, 2010 WL 1425599, at *2 (W.D.

---

B. Within 90 days after the filing of a complaint in a **class action**, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under FRCvP 23(c)(1), as to whether the case is to be maintained as a class action.

LR. 23.1(A-B) (emphasis added).

[4]  Indeed, aside from a single reference to "potential class members" in the complaint, the court does not discern any "class" allegations (as opposed to "collective" action allegations) that could be stricken.

Tex. Apr. 7, 2010); *Cone v. Dekra Emission Check, Inc.*, Civ. Action No. 04-1191, 2004 WL 2186550, at *3 (N.D. Tex. Sept. 23, 2004); *see also Whitworth v. Chiles Offshore Corp.*, Civ. Action No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992) (holding that Uniform District Rule 1.12, the antecedent of Local Rule 23.1, did not apply to a collective action under the FLSA).[5]

In any event, given the considerable authority above, as well as defendant's recognition that this matter appears to be an issue of first impression for the court, the undersigned finds good cause to extend the 90 day period for plaintiff to seek class certification. *See Cone, supra*; and *Walker v. City of Bogalusa*, Civ. Action No. 96-3470, 1997 WL 370139, at *1 (E.D. La. June 25, 1997). In addition, JPH has not demonstrated any material prejudice as a result of the delay. To the contrary, a delay inures to defendant's benefit because, ordinarily, the statute of limitations is not tolled until a claimant files written consent with the court. *See* 29 U.S.C. § 256.[6]

The sole prejudice identified by JPH in its motion stems not from plaintiff's delay in seeking certification, but from the court's anticipated use of a two-step certification process. As aptly noted by defendant, the Fifth Circuit has declined to establish a legal standard for collective-action certification. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 224-25 (5th Cir.

---

[5] To the extent that it is not otherwise distinguishable, the undersigned declines to follow the outlier decision, *Osborne v. Prudential Ins. Co. of Am.*, Civ. Action No. 10-2465, 2010 WL 4103680, at *2 (C.D. Cal. Oct. 14, 2010).

[6] The court notes that another claimant, David Summers, recently filed a notice of consent to join in this action. [doc. # 22]. Thus, even if the 90 day deadline to seek class certification applied to FLSA collective actions, plaintiff's counsel could circumvent the rule by severing Summers' claim and seeking certification in his then separate suit.

4

2011) (citation omitted).  Thus, it has devolved upon the district courts to choose between two

prevailing standards, "one involving a multi-factor 'similarly situated' test, and the other akin to

the standard for Rule 23 class actions."  *Id*.  (citation omitted).  The district courts usually follow

the "similarly situated" test which is typified by, and named after *Lusardi v. Xerox Corp.*, 118

F.R.D. 351 (D. N.J. 1987); *Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1216 (5th Cir.1995),

*overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148 (2003).

The court intends to follow the *Lusardi* framework in the present case.

> The Fifth Circuit explained the *Lusardi* similarly situated test, as follows,
>
> [u]nder *Lusardi,* the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision- usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Mooney, supra*.

At the initial notice stage, the "courts appear to require nothing more than substantial allegations

that the putative class members were together the victims of a single decision, policy, or plan

infected by discrimination."  *Id*. (citation omitted).

The court ordinarily does not reach the second step of the *Lusardi* approach until after

discovery is completed, and defendant re-visits the issue via appropriate motion.  *Id*.  At the

second stage, the court has more information to make a determination as to whether the claimants

are similarly situated, and whether the matter should be permitted to proceed to trial as a

representative action.  *Id*.  If the claimants are not similarly situated, then the district court will decertify the class, and either dismiss the opt-in plaintiffs without prejudice or sever them.  *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir.2010).

Under the two-step *Lusardi* certification process, plaintiff should require little discovery before filing his initial motion for conditional certification.  Accordingly, the court will impose a 30 day deadline for plaintiff to file his motion for conditional certification.

## <u>Conclusion</u>

For the foregoing reasons, the undersigned finds that defendant's motion is not well-taken.  Accordingly,

IT IS ORDERED that the motion to strike class allegations [doc. # 17] is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff shall file a motion for conditional certification of a collective action within the next 30 days from the date of this order.

In Chambers, at Monroe, Louisiana, this 18th day of September 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE